IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| EMMA KOELEMAY<br>*Plaintiff,* | §<br>§<br>§<br>§ | C.A. No._____ |
| V. | §<br>§ | JUDGE_____ |
| THE KROGER CO. AND JANE DOE<br>*Defendants.* | §<br>§<br>§ | MAGISTRATE JUDGE_____ |

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant THE KROGER CO. ("Kroger"), who respectfully represents as follows:

### THE STATE COURT ACTION

1.

On or about April 27, 2021, Plaintiff EMMA KOELEMAY ("Plaintiff") filed suit against Kroger and its unknown employee, JANE DOE, in the First Judicial District Court, Caddo Parish, Louisiana, Suit No. 630,026-B. In her Petition, Plaintiff alleges she sustained significant injuries after she was struck by falling boxes and was knocked to the floor.

2.

Pursuant to Louisiana Code of Civil Procedure article 893, Plaintiff's Petition did not allege a specific amount of monetary damages. However, Plaintiff did contend that she would be seeking the following, non-exclusive categories of damages:

    a.    Physical pain, suffering, and anguish (past, present, and future);

    b.    Mental anguish (past, present, and future):

    c.    Loss of enjoyment of life (past, present, and future);

    d.    Disfigurement and disability;

  e. Medical expenses (past, present, and future);

  f. Other elements of damages developed during discovery and/or demonstrated with particularity at the trial of this matter.

3.

On June 29, 2021, counsel for Kroger received Plaintiff's responses to its interrogatories and requests for production, entitled *Plaintiff's Answer to Defendant's Interrogatories and Requests for Production of Documents* ("Discovery Responses"). In response to an interrogatory asking that she "state the reasonable dollar value of [her] general and special damage claims exclusive of interest and costs," Plaintiff identified medical expenses that totaled $64,256.62 and attached medical records showing that she had undergone cervical surgery. Plaintiff qualified her estimate for special damages, stating that "treatment may be ongoing, Plaintiff has not reached maximum medical improvement and, accordingly, is unable to determine the extent of damages sustained."

4.

These Discovery Responses were the first written indication that Plaintiff would continue to seek treatment with her medical providers such that her medical expenses alone would more likely than not exceed $75,000, and thereby satisfy the jurisdictional requirements of this court.

**DIVERSITY JURISDICTION**

5.

Kroger wishes to exercise its rights to remove this suit to federal court pursuant to 28 U.S.C. § 1441 because the amount in controversy likely exceeds $75,000 exclusive of interest and costs and there is complete diversity between the named parties as contemplated by 28 U.S.C. §1332(a).

6.

Plaintiff is alleged to be a resident and domiciliary of Caddo Parish, State of Louisiana.

7.

Kroger is a business corporation organized in Ohio pursuant to its laws and whose principal place of business is in the State of Ohio.

8.

Pursuant to 28 U.S.C. § 1441(b), the citizenship of fictitious defendant JANE DOE must be disregarded.

9.

There is complete diversity of citizenship between Plaintiff and Kroger such that the removal of this suit is proper pursuant to the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

10.

Upon filing this Notice of Removal, counsel for Kroger will give written notice to Plaintiff's counsel and provide a copy of the Notice of Removal to the Clerk of Court of the First Judicial District Court, Caddo Parish, Louisiana.

WHEREFORE, Defendant THE KROGER CO. prays that this Notice of Removal be filed; that the suit entitled "Emma Koelemay v. The Kroger Co. and Jane Doe," Suit Number 630,026-B, First Judicial District Court, Caddo Parish, Louisiana, be removed to the United States District Court for the Western District of Louisiana; and that the First Judicial District Court, Caddo Parish, Louisiana proceed no further herein, unless the case is subsequently remanded by this Court.

Respectfully submitted,

THOMAS, SOILEAU, JACKSON & COLE, L.L.P.

/s/ Steven E. Soileau
Steven E. Soileau, La. Bar No. 17150
Gemma Zuniga, La. Bar No. 38604
401 Edwards Street, Suite 2015
Shreveport, LA 71101
Telephone: (318) 216-5058
Facsimile: (318) 216-5087

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been sent on this 9th day of July, 2021, to Ms. Emma Koelemay, through counsel of record **Kristen B. Bernard**, via the Court's electronic filing system.

/s/ Steven E. Soileau
OF COUNSEL