UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EMMA KOELEMAY                                         CIVIL ACTION NO. 21-cv-1970

VERSUS                                                JUDGE ELIZABETH E. FOOTE

KROGER CO ET AL                                       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

      Plaintiff alleges she was injured while shopping at a Kroger grocery store when several boxes fell from a nearby stocking cart and knocked her to the ground. An assistant manager investigated the accident and interviewed witnesses. Later, at the request of Kroger's claims adjuster, a manager took witness statements. One of the witnesses who made a written statement is Burchetta Robinson. Defendants identified Robinson's written statement in discovery but they refused to produce the statement under the work product doctrine, which protects materials created in anticipation of litigation. Before the court is Plaintiff's Motion to Compel. Doc. 14. Plaintiff argues that the work product rule does not apply because the statement was made during a routine investigation of an incident as part of Defendant's standard policy.

**Law and Analysis**

      "At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238 (1975). See also Dunn v. State Farm Fire &

Casualty Co., 927 F.2d 869 (5th Cir. 1991) ("[T]he work product doctrine insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries."). But if a document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation. United States v. El Paso Co., 682 F.2d 530, 542 (5th Cir. 1982); Carroll v. Praxair, Inc., 2006 WL 1793656 (W.D. La. 2006).

Defendants point out that they have already produced an "incident report" that was created on the date of the accident. Defendants admit that this report was prepared by a manager as part of Kroger's "standard operating procedures." Twenty-one days after the accident, and at the direction of another manager, a witness statement was taken from Robinson. Defendant has produced the incident report, so it is only Robinson's witness statement that is at issue.

The court finds that Defendants have the more persuasive argument. The witness statement was taken at the direction of Sedgwick Claims Services, the claims handling third-party administrator. By this time, if not earlier, litigation was reasonably anticipated. Indeed, as Plaintiff and her son were leaving Kroger after the incident, the son stated that Kroger had "not heard the last of this." Plaintiff's son also called Sedgwick Claims Services on the day of the accident to get a claim number. In light of the foregoing, the court finds that the witness statement was prepared in anticipation of litigation and qualifies as protected work product. Accordingly, **Plaintiff's Motion to Compel (Doc. 14) is denied**.

Page **2** of **3**

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of March, 2022.

_/s/ Mark L. Hornsby_  
Mark L. Hornsby  
U.S. Magistrate Judge